**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JOHN M. SPAHN, IRA, on Behalf of Himself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> EDWARD D. JONES & CO., L.P., THE JONES FINANCIAL COMPANIES, L.L.L.P., EDJ HOLDING COMPANY, INC., JOHN W. BACHMANN, DOUGLAS E. HILL, MICHAEL R. HOLMES, RICHIE L. MALONE, STEVEN NOVIK, DARRYL L. POPE and ROBERT VIRGIL JR., <br><br> Defendants. | CLASS ACTION <br><br> Cause No.: 04:04CV00086 HEA <br><br><br> Consolidated with: <br><br> 4:04CV00118 CAS <br> 4:04CV00255DJS <br> 4:04CV00282DJS <br> 4:04CV00466 HEA <br> 4:04CV00467 HEA |

**ORDER PRELIMINARILY APPROVING
CLASS ACTION SETTLEMENT, CONDITIONALLY CERTIFYING
THE PURCHASER SETTLEMENT CLASS, APPROVING THE FORM AND
MANNER OF NOTICE, AND SETTING FAIRNESS HEARING**

The Court has received the Stipulation, dated December 11, 2006, that has been entered into by the parties of: (1) *Spahn v. Edward D. Jones & Co., L.P.,* Cause No.: 4:04-CV00086-HEA (E.D. Mo.) (consolidated with 4:04-CV-00118-CAS, 4:04-CV-00255-DJS, 4:04CV-00282-DJS, 4:04-CV-00466-HEA, and 4:04-CV-00467-HEA) *("Spahn"* or the "federal action"); (2) *Enriquez v. Edward D. Jones & Co.,* Case No. 042-00126, 040-700 (Mo. Cir. Ct., St. Louis) *("Enriquez"),*[1] and (3) *Bressler v. Edward D. Jones & Co.,* Case No. BC-309500 (Cal. Sup. Ct., L.A. Cty.) (consolidated with *Potter v. Edward D. Jones & Co.,* Case No. BC-310059)

---

[1] On March 31, 2006, Defendants removed *Enriquez* to the United States District Court for the Eastern District of Missouri, Civ. No. 4:06-cv-00547-HEA.

*("Bressler",)*[2] *(Enriquez* and *Bressler* together, the "State Actions") *(Spahn, Enriquez,* and *Bressler* collectively, the "Actions"). In addition, the Court has received the proposed Plan of Allocation, proposed Notice of Proposed Settlement and Motion for Attorneys' Fees and Expenses ("Notice" or "Class Notice"). The Court has reviewed the Stipulation, the Class Notice, and the Plan of Allocation, and, good cause appearing,

IT IS HEREBY FOUND, CONCLUDED AND ORDERED as follows:

1. The Court, for purposes of this preliminary order (the "Notice Order"), adopts all defined terms as set forth in the Stipulation and incorporates them herein by reference as if fully set forth herein.

2. The Court hereby certifies, for purposes of effectuating this Settlement, a settlement class consisting of any person or entity, who purchased or otherwise acquired shares, units or like interests in any Preferred Fund, between January 1, 1999, and December 31, 2004, inclusive, through Edward D. Jones & Co., L.P., acting as broker or with Edward Jones & Co., L.P., listed as broker/dealer of record (the "Purchaser Settlement Class"). Excluded from the Purchaser Settlement Class are Defendants in the actions, members of the immediate families (parents, spouses, siblings, and children) of each of the individual defendants, all directors, officers, limited and general partners, subsidiaries and affiliates of the corporate defendants, any person, firm, trust, corporation or entity in which any Defendant during the Class Period had a controlling interest or which is related to or affiliated with any of the Defendants, and the legal representatives, heirs, successors in interest or assigns of any such excluded party.

---

[2] On March 31, 2006, Defendants removed *Bressler* to the United States District Court for the Central District of California, Western Division, where it is known as *In re Edward Jones Holders Litigation,* Civ. No. 02:06-01974-FMC. The District Court denied the *Bressler* plaintiffs' motion for remand and dismissed the action in its entirety on September 25, 2006. On October 18, 2006, the *Bressler* plaintiffs timely filed an appeal with the Ninth Circuit.

2

3. Pursuant to the Stipulation, the parties have settled the *Enriquez* Action. As part of the Settlement, the parties have agreed to the remand of the *Enriquez* Action to the Circuit Court for the City of St. Louis, Missouri for proceedings consistent with this Notice Order and the Stipulation. Accordingly, the Court hereby remands the *Enriquez* Action to the Circuit Court for the City of St. Louis, Missouri. The Court acknowledges that the *Enriquez* Court will conduct proceedings to approve the Settlement, including certifying a Holder Settlement Class.

4. The Court hereby finds, for purposes of effectuating the Settlement, that each element for certification of the Purchaser Settlement Class pursuant to Fed. R. Civ. P. 23 is met: (a) the members of the Purchaser Settlement Class are so numerous that joinder of all Purchaser Settlement Class members in the litigation is impracticable; (b) there are questions of law and fact common to the Purchaser Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiffs are typical of the claims of the Purchaser Settlement Class; (d) Lead Plaintiffs and their counsel have fairly and adequately represented and protected the interests of all members of the Purchaser Settlement Class; and (e) a class action is the superior method of adjudicating the controversy, considering: (i) the interests of the members of the Purchaser Settlement Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Purchaser Settlement Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Actions.

5. The Court hereby appoints Lead Plaintiffs, Thomas J. Auer and Jim D. Boswell as representatives of the Purchaser Settlement Class.

6. Plaintiffs' Co-Lead Counsel are authorized to act on behalf of the Purchaser Settlement Class with respect to all acts required by, or which may be given pursuant to, the Stipulation or such other acts which are reasonably necessary to consummate the proposed Settlement set forth in the Stipulation.

7. The Court hereby preliminarily approves: (a) the Settlement of the Actions as set forth in the Stipulation; and (b) the proposed Plan of Allocation, subject to the right of any Purchaser Class Member to challenge the fairness, adequacy, and reasonableness of the Settlement or the Plan of Allocation, and to show cause, if any exists, why a Final Judgment dismissing the Actions based on the Stipulation should not be ordered herein after due and adequate notice to the Purchaser Settlement Class has been given in conformity with this Notice Order.

8. The Court preliminarily finds and concludes that the Settlement is fair, reasonable, adequate, and in the best interests of the members of the Purchaser Settlement Class.

9. The Court will hold a final settlement hearing (the "Settlement Fairness Hearing") on _July 20th_, 2007 at _10:30_ _a_.m., at the United States District Court for the Eastern District of Missouri, Thomas F. Eagleton United States Courthouse, 111 South Tenth Street, St. Louis, Missouri 63102-1116, in order to: (i) determine whether the Settlement should be finally approved as fair, reasonable, adequate and in the best interests of the Purchaser Settlement Class, (ii) determine whether a final order and judgment should be entered dismissing Released Plaintiffs' Claims against Defendants and Released Defendants' Claims against Plaintiffs, with prejudice, (iii) rule upon an application by Plaintiffs' Lead counsel for an award of attorneys' fees and reimbursement of expenses, and (iv) consider any other matters that may properly be brought before the Court in connection with the Settlement.

4

10.    As set forth in paragraph 3 the Stipulation, within 10 business days after this issuance of this Notice Order, Edward Jones shall transfer the $55,000,000 cash portion of the settlement fund, plus any interest that has accrued at the annual rate of 4.75% since November 20, 2006, into an interest bearing joint escrow account at U.S. Bank (the "Settlement Account"). Funds shall not be released from the Settlement Account except (i) pursuant to the terms of the Escrow Agreement between the parties; (ii) by Order of this Court; (iii) by other written agreement by the parties; or (iv) upon the terms described in this Notice Order. All funds held in the Settlement Account shall be deemed to be in *custodia legis* of the Court in accordance with the Stipulation, the Plan of Allocation and the Escrow Agreement, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation, the Plan of Allocation, the Escrow Agreement and/or further order(s) of the Court, consistent with the terms of the Stipulation. As set forth in the Escrow Agreement, reasonable costs, fees, or other expenses associated with the Escrow Account shall be borne by and paid from the Escrow Account.

11.    The Court hereby approves as to form and content, and for distribution to Purchaser Class Members, the Class Notice, in the form of Exhibit A-1 attached to the Motion for Preliminary Approval.

12.    Edward Jones, or its designated agents, shall, at its own expense, cause the Class Notice as approved by the Court to be provided to the Purchaser Settlement Class, by including the Notice with respect to Current Customer Class Members as an insert with the first regular monthly or quarterly account statement disseminated after issuance of this Notice Order, but no later than one hundred twenty (120) days after issuance of the State Court Notice Order. Within one hundred twenty (120) days after issuance of the State Court Notice Order, Edward Jones, or

5

its designated agents, shall, at its own expense, cause Notice to be provided to Former Customer Class Members by sending the Notice in the form approved by the Court by first class mail to each Former Customer Class Member's last known mailing address.

13. Edward Jones, or its designated agents, shall, at is own expense, use its best efforts to update the addresses for all Class Members whose Notices are returned as undeliverable.

14. Except as provided in the Escrow Agreement, Edward Jones, at its own expense, shall be responsible for the administration of the Settlement and the Class Notice as described in the Stipulation.

15. The Court finds and concludes, with respect to both the form of the notice given and the procedure used to give notice, that the Class Notice provided for in this Notice Order is the best notice reasonably practicable under the circumstances, fully satisfies the requirements of Fed. R. Civ. P. 23, the due process clauses of the Constitution of the United States, and all other applicable laws, and constitutes due and sufficient notice to all persons entitled to receive notice.

16. The Settlement Fairness Hearing may be adjourned by the Court without notice to the Purchaser Class Members. The Court may consider modifications of the Settlement (with the consent of the Class Representatives and the Defendants) without further notice to Purchaser Class Members.

17. Any Purchaser Class Member may request to be excluded from the Settlement. The request for exclusion from the Purchaser Settlement Class must be made no later than 45 days after the last day of mailing the Class Notice (not including the re-mailing of Notices), must be in writing, and must include the following information: (i) the person's name, address, telephone number, (ii) a statement that the person "requests exclusion from the Class in the

6

Edward Jones Revenue Sharing Litigation Settlement," and (iii) the person's signature. The request to be excluded must be mailed by first class mail as specified in the Notice. Any person who requests exclusion from the Settlement in accordance with the terms stated in this Notice Order shall not be a member of the Purchaser Settlement Class, shall not be bound by the terms of the Settlement, and shall have no right to participate in the distribution of the Settlement proceeds.

18.     Any member of the Class who does not submit a request to be excluded from the Settlement in the manner stated in this Notice Order shall be deemed to have waived his, her or its right to be excluded from the Settlement, and shall forever be barred from requesting exclusion from the Settlement in this or any other proceeding.

19.     Any Purchaser Class Member who does not request exclusion from the Settlement in the manner required by this Notice Order may object to the Settlement and/or to the request by Plaintiffs' Lead Counsel for attorneys' fees and reimbursement of expenses, or otherwise request to be heard in person or by counsel concerning any matter properly before the Court at the Settlement Fairness Hearing. The objection, statement, or request to be heard at the Settlement Fairness Hearing must be made no later than 45 days after the last day of mailing the Class Notice (not including the re-mailing of Notices), must be in writing, and must include the following information: (i) the person's name, address and telephone number, (ii) the person's account numbers with Edward Jones, (iii) a detailed statement of the reasons why the person objects to the Settlement, (iv) the person's signature, and (v) any supporting papers, including all documents and writings that the person desires the Court to consider. To the extent that a Purchaser Class Member is a member of both the Purchaser Settlement Class and the Holder Settlement Class, said Purchaser Class Member must present the objection to this Court, unless

7

the objection is based exclusively on state law issues. The objection, statement or request to be heard at the Settlement Fairness Hearing must be filed with the Clerk of the Court and must be delivered by hand, overnight delivery, or first class mail to the counsel for the parties identified in the Class Notice at the same time that the objection, statement or request to be heard is filed with the Clerk of the Court.

20. Any member of the Class who does not object to the Settlement or to the request for attorneys' fees and reimbursement of expenses or otherwise request to be heard concerning the Settlement in the manner stated in this Notice Order shall be deemed to have waived his, her or its right to object to the Settlement or to the request for attorneys' fees and reimbursement of expenses or otherwise be heard concerning the Settlement, and shall forever be barred from objecting to the Settlement or to the request for attorneys' fees and reimbursement of expenses or otherwise being heard concerning the Settlement in this or any other proceeding.

21. The passage of title and ownership of the Cash Component of the Settlement to the Settlement Account in accordance with the Stipulation and the Plan of Allocation is approved. No person that is not a member of the Purchaser Settlement Class, the Holder Settlement Class, Edward Jones or Plaintiffs' counsel shall have any right to a portion of, or any distribution from, the Settlement Account unless otherwise ordered by the Court or otherwise provided in the Stipulation, the Plan of Allocation or the Escrow Agreement.

22. No later than seven calendar days before the Settlement Fairness Hearing, all briefs supporting the Settlement, the Stipulation, the Plan of Allocation, and the requests for attorneys' fees and costs, and all papers in response to objections to any of the foregoing, shall be served and filed.

23. Neither the Settlement, the Stipulation, the Class Notice, or the Plan of Allocation, nor any act performed or document executed pursuant to or in furtherance of the Settlement, the Stipulation, the Class Notice, or the Plan of Allocation: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any of Plaintiffs' or Defendants' Released Claims, or of any wrongdoing or liability of Defendants; or (ii) is or may be deemed to be, or may be used as, an admission, or evidence of, any fault or omission of any of Defendants in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal.

24. Pending the Settlement Fairness Hearing, the Court enjoins all proceedings in the Actions until further order of the Court, except as may be necessary to implement or enforce the terms and conditions of the Stipulation. In order to effectuate the Settlement, the *Enriquez* and *Bressler* Actions are specifically excluded only to the extent necessary to effectuate, approve and implement the Stipulation and Plan of Allocation.

25. The Court hereby enters a preliminary injunction as part of the Preliminary Approval of this Settlement, barring and enjoining all members of either the Purchaser Settlement Class or the Holder Settlement Class or any of them from commencing any action, or continuing to prosecute any existing action filed after November 20, 2006, including arbitrations, asserting any of the Plaintiffs' Released Claims either directly, indirectly, representatively, derivatively, or in any capacity against Defendants or Defendants' Released Persons, except where the class member properly exercised his/her opt-out or exclusionary rights.

26. The Court may, for good cause, extend any of the deadlines set forth in this Notice Order without further notice to the Purchaser Settlement Class.

27. Unless and until the State Court approves the Stipulation, the Plan of Allocation and the Class Notice, Edward Jones shall have no obligations under this Notice Order.

28. In the event that the Settlement fails to become effective in accordance with its terms, or if the Final Order and Judgment is not entered or is reversed, vacated, or materially modified on appeal, this Notice Order (except for this Paragraph and paragraph 3 herein) shall be null and void, the Settlement shall be deemed terminated pursuant to the terms of the Settlement, and the parties shall return to their positions as provided for in the Settlement

Dated: 12-12-06
St. Louis, Missouri

**SO ORDERED.**

_____
Honorable Henry E. Autrey
United States District Judge
Eastern District of Missouri

Submitted by:

**WEISS & LURIE**
Joseph H. Weiss
Richard A. Acocelli
James E. Tullman
Julia J. Sun
551 Fifth Avenue
New York, New York 10176
Telephone: (212) 682-3025
Facsimile: (212) 682-3010

**STULL, STULL & BRODY**
Jules Brody
Mark Levine
James Henry Glavin, IV
6 East 45th Street
New York, New York 10017
Telephone: (212) 687-7230
Facsimile: (212) 490-2022

**MILBERG WEISS BERSHAD & SCHULMAN LLP**
Jerome M. Congress

One Pennsylvania Plaza
New York, NY 10119
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

*Co-Lead Counsel for the Spahn Plaintiffs*

**BLITZ, BARDGETT & DEUTSCH, L.C.**
Robert D. Blitz
Christopher O. Bauman
120 South Central, Suite 1650
St. Louis, Missouri 63105
Telephone: (314) 863-1500
Facsimile: (314) 863-1877

**STANLEY, MANDEL & IOLA, L.L.P.**
Roger L. Mandel
Matthew J. Zevin
550 West C Street, Suite 1600
San Diego, California 92101
Telephone: (619) 235-5306
Facsimile: (815) 377-8419

**HULETT, HARPER, STEWART, L.L.P.**
Kirk B. Hulett
550 West C Street, Suite 1770
San Diego, California 92101
Telephone: (619) 338-1133
Facsimile: (619) 338-1139

**GOODIN, MACRIDGE, SQUERI,
    RITCHIE & DAY, L.L.P.**
Wayne T. Lamprey
505 Sansome Street, Suite 900
San Francisco, California 94111
Telephone: (415) 392-7900
Facsimile: (415) 398-4321

*Co-Lead Counsel for the Enriquez Plaintiffs*

**GLANCY BINKOW & GOLDBERG LLP**
Lionel Z. Glancy
Peter A. Binkow
Michael Goldberg
Marc L. Godino
1801 Avenue of the Stars, Suite 311

11

Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

**REINHARDT WENDORF & BLANCHFIELD**
Mark Reinhardt
Garrett Blanchfield
E-1250 First National Bank Bldg.
332 Minnesota Street
St. Paul, Minnesota 55101
Telephone: (651) 287-2100
Facsimile: (651) 287-2103

**MURRAY FRANK & SAILER LLP**
Brian Murray
Jacqueline Sailer
275 Madison Avenue
New York, New York 10016-1101
Telephone: (212) 682-1818
Facsimile: (212) 682-1892

**LAW OFFICES OF BRIAN BARRY**
Brian J. Barry
1801 Avenue of the Stars, Suite 308
Los Angeles, California 90067
Telephone: (310) 788-0831
Facsimile: (310) 788-0841

*Co-Lead Counsel for the Bressler Plaintiffs*

**GREENSFELDER, HEMKER & GALE, P.C.**
David M. Harris
James H. Ferrick
David P. Niemeier
10 S. Broadway, Suite 2000
Saint Louis, Missouri 63102
Telephone: (314)241-9090
Facsimile: (314)241-8624

*Counsel for Edward D. Jones & Co., L.P.,
Jones Financial Companies, L.L.L.P.,
EDJ Holding Company, Inc., John W.
Bachmann, Douglas E. Hill, Michael R.
Holmes, Richie L. Malone, Steven Novik,
Darryl L. Pope, and Robert Virgil, Jr*

927133